**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AUDENCIO MALDONADO,<br><br>　　　　　Petitioner-Appellant,<br><br>　v.<br><br>DANIEL PARAMO, Warden,<br><br>　　　　　Respondent-Appellee. | No.　16-17044<br><br>D.C. No. 4:14-cv-01920-JSW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted October 16, 2017
San Francisco, California

Before: HAWKINS and W. FLETCHER, Circuit Judges, and KRONSTADT,**
District Judge.

Audencio Maldonado ("Petitioner") appeals the denial of his petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court concluded

that the petition was time-barred. We have jurisdiction pursuant to 28 U.S.C.

§§ 1291 and 2253, and affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable John A. Kronstadt, United States District Judge for the
Central District of California, sitting by designation.

The determinative issue on appeal is whether, due to Petitioner's claimed mental impairment, the limitations period should have been tolled for at least five years and two months between when his judgment of conviction in the Santa Clara County Superior Court ("Superior Court") became final and when the initial habeas petition was filed there. To establish such equitable tolling, Petitioner must satisfy a two-part test. First, he must show that his impairment was so severe that he "was unable rationally or factually to personally understand the need to timely file" the petition or that his mental impairment "rendered him unable personally to prepare a habeas petition and effectuate its filing." *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010). Second, he must show that he acted with "diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 648 (2010)).

The district court found that Petitioner failed to demonstrate that he was severely impaired at any time during the period between July 6, 2007, when the judgment became final, and September 11, 2013, when the first petition was filed in the Superior Court. The district court also found that Petitioner failed to exercise reasonable diligence in filing the petition.

16-17044

There was no clear error in the finding of the district court as to Petitioner's mental capacity. The record includes the following evidence that supports that determination: (1) a transcript of Petitioner's plea colloquy, where neither the judge nor Petitioner's counsel raised concerns as to his mental state at that time, and, assisted by a Spanish language interpreter, Petitioner answered numerous yes-or-no questions before the judge determined that Petitioner understood the nature of the charges and the consequences of his plea and voluntarily and knowingly had waived certain rights; (2) the police report prepared with respect to the charged conduct, which described Petitioner's contemporaneous instruction to a witness who discovered him with the victim "not to tell" and his later admission that "he would have preferred to do what he did to adult women," reflecting that Petitioner "understood that what he had done was wrong"; (3) the presentence report indicating Petitioner had been diagnosed with depressive disorder, for which medication had been prescribed, and was "currently considered stable"; (4) July 2007 prison records stating that Petitioner met the "criteria for inclusion in the MH [Mental Health] Treatment Population, and has a recommended level of care of CCCMS," *see Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1069 (9th Cir. 2013) (noting "CCCMS is the lowest level of care in the State's prison mental health delivery system, and is designed to provide a level of care equivalent to that received by non-incarcerated patients through outpatient

16-17044

psychiatric treatment"); (5) several coherent written requests submitted by the Petitioner to prison administrators for accommodations allegedly required by the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; and (6) several motions Petitioner brought in the Superior Court prior to filing the habeas petition there.

The principal contrary evidence introduced by Petitioner was: (1) statements made by another inmate with no psychiatric expertise, claiming Petitioner had the mental capacity of a ten-year old child; and (2) Petitioner's statements to the police at the time of his arrest that he was "not well mentally since a motorcycle accident," and "it was the devil that got into him and made him do it."

Reviewed collectively, the evidence confirms that there was no clear error in the determination by the district court as to Petitioner's mental capacity. Accordingly, the district court correctly concluded that Petitioner did not meet his burden to establish equitable tolling.

Petitioner also failed to demonstrate that he acted diligently. Petitioner has not presented any evidence that, during the first year of the limitations period, he was unsuccessful in obtaining assistance comparable to what he received in 2012. Nor did he explain why he subsequently had the ability to advance his many ADA claims, but not file a habeas petition.

**AFFIRMED.**

16-17044